*83
SUMMARY ORDER

Petitioner Donike Shyti, a native and citizen of Albania, seeks review of the February 29, 2008 order of the BIA denying her motion to reopen. In re Donike Shyti, No. A78 279 721 (B.I.A. Feb. 29, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the ease.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006). Here, the BIA properly denied the Petitioner’s motion to reopen as untimely where it was filed more than six years after her 2001 final order of removal. See 8 C.F.R. § 1003.2(c)(2) (providing that an applicant must file a motion to reopen within ninety days of the final administrative decision). Moreover, the BIA did not abuse its discretion in finding that the Petitioner failed to present material evidence of changed country conditions sufficient to satisfy the exception to the time limitation. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); INS v. Abudu, 485 U.S. 94, 104-105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
The BIA accurately found that the Petitioner’s documents did not reflect a material change in country conditions. See 8 U.S.C. § 1229a(c)(7)(C)(ii). The Petitioner argues that the Democratic Party’s rise to power and failure to control the “ongoing abuses” of the Socialist Party constituted changed country conditions. She further argues that the new evidence “shows the continuing violence” against her father and brother and the “renewed threats” against her. At best, the Petitioner’s arguments and documentation demonstrate continued persecution of her family — in spite of any change in ruling parties — not changed country conditions. See id. Under these circumstances, the BIA appropriately determined that the Petitioner failed to establish that she qualified for an exception to the time limitation on motions to reopen. 8 U.S.C. § 1229a(e)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, any argument that the BIA violated the Petitioner’s due process rights or abused its discretion when it failed to reopen her removal proceedings is without merit. See United States v. Copeland, 376 F.3d 61, 70 (2d Cir.2004) (noting that in order for an alien in deportation proceedings to establish that those proceedings were fundamentally unfair, he must demonstrate both that an error occurred and that he suffered prejudice as a result).
For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2)(B), and Second Circuit Local Rule 34(b).